```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

                              :
JEFFREY G. WALLS
                              :

     v.                       :    Civil Action No. DKC 09-0762
                              :
ANTON O'BRYANT
                              :
                      * * * * * * *
                              :
JEFFREY GLEN WALLS
                              :

     v.                       :    Civil Action No. DKC 09-0763
                              :
LARRY GRAVES
                              :
                      * * * * * * *
                              :
JEFFREY GLEN WALLS
                              :

     v.                       :    Civil Action No. DKC 09-0764
                              :
GREGORY WATERS
                              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in these cases alleging slander, defamation of character, negligence, intellional infliction of emotional distress, and bad faith are (1) the motion to substitute the United States as the sole defendant; and (2) the motion to dismiss.  The issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed

necessary. For the reasons that follow, the motions will be granted.

**I.      Background**

According to the Government, on May 25, 2008, at 1:00 a.m., Plaintiff Jeffrey Walls, a civilian Police Officer for Naval Support Activity, North Potomac ("NSA-NP"), was flagged down by a bystander concerning an occupant of a black Scion SUV. Plaintiff approached the vehicle and observed a woman on the driver's side who was somewhat awake and had her hand on the steering wheel. Plaintiff noticed vomit on the driver's side floor and on the side of the vehicle. Plaintiff contacted the NSA-Washington Dispatch Center and communicated that there was an intoxicated person attempting to drive a vehicle. Plaintiff proceeded to tell the dispatcher that he was going to try to find someone who could give the woman a ride home and park her vehicle on the side of the road. Plaintiff reported that he instructed the woman to give him her keys and identification card. After handing over her keys, the woman fell asleep in the back seat of her vehicle.

At 1:27 a.m., the dispatcher called to check on the status of Plaintiff's interaction with intoxicated woman. Plaintiff replied, "[m]y status is that we're going to go ahead and let her sleep it off and I'll be back to check on her from time to time." Dispatch then instructed Plaintiff to call Sgt. Waters immediately. Plaintiff informed Waters that he had left a note in the vehicle

indicating that he had the woman's keys. Waters instructed Plaintiff to return to the vehicle immediately. Plaintiff returned to the scene and remained until DC Metropolitan Police arrived. The woman was taken by ambulance to the George Washington Regional Medical Center for medical attention.

On June 6, 2008, Colonel Larry Graves, Chief of Police for NSA-NP, proposed suspending Plaintiff for 30 days because of his inappropriate conduct and negligent behavior. Relying in part on the testimony of the three Defendants, who are Plaintiff's supervisors, Commander Scott Merritt found that the charges were supported by a preponderance of the evidence, that Plaintiff's actions adversely affected the efficiency of providing the intoxicated woman with medical care, and that the penalty proposed was appropriate. Accordingly, Plaintiff was suspended for 30 days effective July 20, 2008.

On July 24, 2008, Plaintiff filed an appeal challenging his suspension with the Washington Regional Office of the United States Merit Systems Protection Board. The Administrative Judge found that Commander Merritt properly considered the relevant factors when deciding what penalty to impose in the case. Moreover, the Administrative Judge determined that Plaintiff had previously received warnings placing him on notice that disciplinary action could be taken for inappropriate conduct. Accordingly, the Administrative Judge affirmed the suspension.

On November 19, 2008, Plaintiff filed three state court lawsuits in the District Court of Maryland for Prince George's County, against Defendants alleging an array of tortious conduct.[1] Although no facts are contained in the complaints, the Government assumes that the gravamen of the complaint is that Defendants committed the alleged tortious conduct by giving false statements during the administrative hearing relating to his suspension.

After Plaintiff filed suit, the United States Attorney certified that each defendant was acting in the scope of his employment when the alleged tortious actions occurred.  On this basis, the action was removed to federal court.  On May 4, 2009, Defendants moved to substitute the United States as the sole defendant as well as to dismiss the claim for failure to exhaust administrative remedies or, in the alternative, for lack of jurisdiction and failure to state a claim.  (Paper 16 in *Walls v. Graves*, Paper 16 in *Walls v. Waters,* Paper 17 in *Walls v. Obryant*).  Plaintiff has not responded to Defendants' motions.[2]

**II.  Motion to Substitute the United States as the Sole Defendant**

The Government asserts that the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, requires this court to substitute the

---

[1] Defamation of character and bad faith are not cognizable tort claims.

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), Plaintiff was notified of the pendency of the motions and of the need to respond.  No response has been filed.

4

United States as the sole proper party defendant for Plaintiff's tort claims. The FTCA immunizes federal employees from liability for "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of his office or employment." 28 U.S.C. § 2679. When a federal employee is sued for tortious conduct, the United States Attorney for that district must certify whether the employee was acting within the scope of his or her employment at the time of the alleged act. 28 U.S.C. § 2679(d)(1). If the United States Attorney certifies that the employee acted within the scope of his or her employment, then (1) the United States is substituted as a defendant; (2) suits filed in state court must be removed to federal court; and (3) the plaintiff may sue the United States only in accordance with the FTCA. *See id.*, *see also Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997).

In this case, the United States Attorney for the District of Maryland certified that each Defendant was acting within the scope of his employment for the Department of the Navy. Because Plaintiff has not responded to Defendants' motion, there is nothing for this court to consider to rebut the presumption that Defendants were acting within the scope of their employment. Accordingly, the individual defendants shall be dismissed from this case and the motion to substitute the United States as the sole defendant will be granted.

**III. Motion to Dismiss**

   **A.   Standard of Review**

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed.R.Civ.P. 12(b)(1).  The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Richmond*, 945 F.2d at 768.  Indeed, the district court may raise the issue of subject matter jurisdiction *sua sponte*.  *Andrus v. Charlestone Stone Prods. Co., Inc.*, 436 U.S. 604, 608 n.6 (1978).  "[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

   **B.   Analysis**

The Government also argues that Plaintiff's tort claims should be dismissed for failure to exhaust required administrative remedies.  Under the FTCA, the plaintiff must first present a claim

to the relevant government agency before an action can be filed. The exhaustion requirement is jurisdictional and cannot be waived. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

    Prior to filing his lawsuit, Plaintiff did not file an administrative claim with the Dept. Of Navy as required by 28 U.S.C. § 2675(a).  Because the presentation of an administrative claim is mandatory and jurisdictional, Plaintiff's failure to file an administrative claim means that his tort claims must be dismissed.

    A separate Order will be entered.

                                                                   /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge