```
                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
```

                                    :
JEFFREY GLEN WALLS
                                    :

     v.                             :       Civil Action No. DKC 09-0762

                                    :
ANTON O'BRYANT
                                    :
                        * * * * * * *
                                    :
JEFFREY GLEN WALLS
                                    :

     v.                             :       Civil Action No. DKC 09-0763

                                    :
LARRY GRAVES
                                    :
                        * * * * * * *
                                    :
JEFFREY GLEN WALLS
                                    :

     v.                             :       Civil Action No. DKC 09-0764

                                    :
GREGORY WATERS
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in these cases are motions by Plaintiff for reconsideration of the court's October 29, 2009 order, which granted the motions of the United States to substitute itself as sole Defendant and for dismissal. For the reasons that follow, Plaintiff's motions for reconsideration will be denied.

## I.  Background

The background to this case may be found in the court's

last memorandum opinion.

## II.  Motion for Reconsideration

Under Fed.R.Civ.P. 60(b), a party may obtain relief from a

judgment or final order based upon:

> (1) mistake, inadvertence, surprise, or
> excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence,
> could not have been discovered in time to
> move for a new trial under Rule 59(b); (3)
> fraud . . . misrepresentation, or misconduct
> by an opposing party; (4) the judgment is
> void; (5) the judgment has been satisfied,
> released or discharged; it is based on an
> earlier judgment that has been reversed or
> vacated; or applying it prospectively is no
> longer equitable; or (6) any other reason
> that justifies relief.

Motions for reconsideration are "an extraordinary remedy which

should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire

Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525

U.S. 1104 (1999).

Plaintiff's motion for reconsideration does not meet any of

the grounds for reconsideration listed in Rule 60(b).

Plaintiff's motion challenges both the substitution of the

United States as sole Defendant and the dismissal of his claim.

To the extent that Plaintiff's motion is comprehensible,

Plaintiff has not identified any intervening change in the law,

newly developed evidence, or clear error of law or manifest

injustice that would alter the court's October 29, 2009 opinion. Plaintiff makes a general contention that he has not yet had a chance to present evidence, but fails to specify particular evidence that might show that substitution of the United States as Defendant or dismissal was improper. Plaintiff had an opportunity to respond to the United States' motions but did not.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied. A separate Order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge